**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

In re:

                                          CASE NO. 06-20820

DANIEL L. JEWELL and
MELISSA A. JEWELL,

                    Debtors.          DECISION & ORDER

_____


## BACKGROUND

On May 21, 2006, Daniel L. Jewell and Melissa A. Jewell (the

"Debtors"), filed a petition initiating a Chapter 7 case, and

Lucien A. Morin, II was appointed as their Chapter 7 Trustee (the

"Trustee"). On the Schedules and Statements required to be filed by

Section 521 and Rule 1007, the Debtors, who did not reside in New

York State for the 730 days prior to the filing of their petition,

claimed various exemptions under Colorado law, the State of their

former residence, which they believed were available to them under

Section 522(b)(3)(A).[1]

_____

[1]     Section 522(b)(3) provides that:

        (b)(3) Property listed in this paragraph is ---

        (A) subject to subsections (o) and (p), any property that is
        exempt under Federal law, other than subsection (d) of this
        section, or State or local law that is applicable on the date
        of the filing of the petition at the place in which the
        debtor's domicile has been located for the 730 days
        immediately preceding the date of the filing of the petition
        or if the debtor's domicile has not been located at a single
        State for such 730-day period, the place in which the debtor's
        domicile was located for 180 days immediately preceding the
        730-day period or for a longer portion of such 180-day period
        than in any other place;

        (B) any interest in property in which the debtor had,
        immediately before the commencement of the case, an interest
        as a tenant by the entirety or joint tenant to the extent that

On June 21, 2006, the Trustee filed an Objection to the allowance of the claimed exemptions (the "Objection") on the grounds that the Colorado bankruptcy exemptions were only "available" to debtors who were residents of Colorado at the time they filed. The Trustee relied upon *In re Underwood*, 342 B.R. 358 (Bankr. N.D. Fla 2006) ("*Underwood*"), which held that a debtor who had moved to Florida less than 730 days prior to the commencement of her bankruptcy case: (1) was ineligible to claim the Florida exemptions because she had not resided there for the necessary 730 days; (2) was likewise ineligible to claim the Colorado exemptions because she was not a resident of Colorado at the time she filed; and (3) was entitled, because of the specific saving provision of Section 522(b)(3), to claim the Section 522(d) Federal Exemptions, even though both Colorado and Florida were opt-out States.

On June 23, 2006, the Debtors filed a Response to the Objection. The Response asserted that the Court should determine

---

such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law; and

(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

11 U.S.C.A. § 522 (2006).

that the Debtors were entitled to claim the exemptions available under Colorado law because a plain reading of Section 522(b)(3)(A) results in the conclusion that debtors who do not qualify for the exemptions in the State where they file because they have not resided there for 730 days are entitled to claim the exemptions in the State where they resided for the 180 days prior to those 730 days. The Response further asserted that in the event the Court determined that the Colorado exemptions were not available to the Debtors, as the Court had in *Underwood*, Section 522(b)(3) permitted them to elect the Federal Exemptions.

On June 27, 2006, the Trustee filed a letter with the Court which indicated that he agreed that the Federal Exemptions were available to the Debtors if the Colorado exemptions were not, but once again asserted that the Debtors were not eligible to claim the Colorado exemptions because, by the clear language of the applicable Colorado statutes, those exemptions were only available to "residents" of the State. <u>See</u> Colo. Rev. Stat. § 13-54-107 (2006).

At the July 12, 2006 return date of the Objection, the Court, at the request of the parties, agreed to issue a Decision & Order.

Case 2-06-20820-JCN   Doc 23   Filed 08/08/06   Entered 08/08/06 11:56:01   Desc Main
Document    Page 3 of 6

## DISCUSSION

Based upon the Court's reading of Section 522(b)(3), the Objection is sustained and the Debtors shall be permitted to amend their Schedule C to claim the Federal Exemptions.

If debtors have not resided for 730 days in the State where they file, in order for them to be permitted to elect the exemptions under the State or local law of their former residence, that State or local law must still be "applicable" to them. In the event that, as is the case with Colorado law, the exemption law of that former residence requires that debtors actually reside within the State at the time of filing in order to claim the exemptions, that law is not "applicable" under Section 522(b)(3)(A) and the debtors cannot claim the exemption of the State of their former residence.

An initial reading of Section 522(b)(3)(A) could lead one to conclude that "applicable" modifies only "the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing" and not the balance of the subsection. This reading would make debtors who had moved within the 730 days able to elect the exemptions of the State of their former residence because that set of exemptions would just become a defined set of available exemptions if the term "applicable" did not also modify it. However, such a reading would make the

specific saving provision of Section 522(b)(3) unnecessary, because there would always be an available set of exemptions if the exemptions of the State of the debtor's former residence was just a defined set of available exemptions. Therefore, such a reading could not be correct.

Under this interpretation, when debtors have moved from one "opt-out" State where the exemptions are not available to a nonresident to another "opt-out" State within 730 days of the filing of their petition, as these Debtors did, the effect of Section 522(b)(3)(A) is to prevent them in the first instance from being eligible for any exemptions. However, the saving provision at the end of Section 522(b)(3) allows such debtors to elect the Federal Exemptions, even though they now reside in an "opt-out" State.

In order to make it clear that any State or local law exemptions that a debtor can elect under this subsection must be "applicable" to them on the date of filing, Section 522(b)(3)(A) might be rewritten, or at least be conceptualized to read, as follows:

> (b)(3)Property listed in this paragraph is ---
>
> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable ***to the debtor*** on the date of the filing of the petition ***either: (i)*** at the place in which the debtor's domicile has been

located for the 730 days immediately preceding the date of the filing of the petition; or *(ii)* if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.]

## CONCLUSION

_____The Objection is sustained and the Debtors may amend their Schedule C Claim of Exemptions to claim the Federal Exemptions available under Section 522(d).[2]

**IT IS SO ORDERED.**

_____/s/_____
HON. JOHN C. NINFO, II
CHIEF U.S. BANKRUPTCY JUDGE

**Dated: August 8, 2006**

---

[2]      There will certainly be some interesting fact patterns that will present themselves under this subsection, and perhaps even some forum shopping. However, what real abuse can there be if the final result is that debtors must elect the Federal Exemptions enacted by Congress?

**Page 6**